IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANICE N. WALKER | § § | |
| VS. | § § | CIVIL ACTION NO. 5:21-cv-391 |
| UNITED STATES OF AMERICA | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES COURT:

NOW COMES **Shanice N. Walker**, hereinafter referred to as "Plaintiff", complaining of the **UNITED STATES OF AMERICA**, hereinafter referred to as "Defendant" and for cause of action would respectfully show the Court and jury as follows:

### A.
### PARTIES

**1.** Plaintiff, **Shanice N. Walker,** is a resident of the State of Texas and resides in Schertz, Guadalupe County, Texas.

**2.** Defendant, **United States of America**, is our body of government who has jurisdiction over the United States Postal Service pursuant to 28 U.S.C. §2346(B). At the time of the incident made the basis of this Complaint, the United States Postal Service, an agency of the **United States of America**, was the employer of the driver, Eser Zereyalp, who was acting within the scope of his employment for the United State Postal Service. Defendant, **United States of America**, may be served with process through the U.S. Attorney's Office at the following address:

**Defendant, United States of America**
**By and through the U.S. Attorney, Ashley Chapman Hoff**
**U.S. Attorney's Office**
**601 Northwest Loop 410, Suite 600**
**San Antonio, TX 78216**

## B.
## JURISDICTION AND VENUE

**4.** This Court has jurisdiction over the lawsuit under 28 U.S.C. **§**1346 because the suit is against the **United States of America** and the cause of action being asserted herein is pursuant to the Federal Tort Claims Act. Plaintiff has previously filed a claim with the U.S. Postal Service on or about August 5, 2020, and six months have elapsed without a final disposition of this claim.

**5.** Venue is proper in the Western District of Texas, San Antonio Division, in that the events or omissions giving rise to the claim occurred in Bexar County, Texas.

## C.
## FACTS

**6.** On or about January 13, 2019, at approximately 11:49 a.m. Plaintiff, **Shanice N. Walker**, was operating a 2017 Kia Optima in a reasonably prudent manner and was occupying the far right lane while traveling southbound on Interstate Highway 35 North in San Antonio, Bexar County, Texas. A 2017 Hyundai Sonata owned by the United States Postal Service and operated by its employee, Eser Zereyalp, was also traveling southbound on Interstate Highway 35 North in San Antonio, Bexar County, Texas. Suddenly and without warning, the 2017 Hyundai Sonata, operated by Eser Zereyalp, changed lanes into the far right lane where Plaintiff's vehicle was traveling thereby causing a collision between the two vehicles. Because of Eser Zereyalp's negligence, Plaintiff, **Shanice N. Walker**, sustained serious bodily injuries and damages as more fully described hereinafter.

7. Plaintiff would show that the above described collision and the resulting injuries and damages were brought about and caused to occur directly and proximately by the negligence of the Defendant and their agents, servants, and/or employees.

8. More specifically, Plaintiff contends Eser Zereyalp was operating the 2017 Hyundai Sonata involved in the collision in question while in the course and scope of his employment for the United Sates Postal Service and as such, Defendant, **United States of America**, is vicariously liable for all of the acts and/or omissions of its agent, servant and/or employee and Plaintiff hereby invokes the doctrine of *Respondeat Superior*. Plaintiff contends the acts and omissions described above were a proximate cause of the injuries and damages sustained by Plaintiff.

## D.
## NEGLIGENCE

9. Plaintiff would further show unto this Honorable Court that Eser Zereyalp, Jr., was operating the 2017 Hyundai Sonata in question in a negligent manner. Specifically, Eser Zereyalp, Jr., had a duty to exercise ordinary care in the operation of the 2017 Hyundai Sonata in question and breached that duty in one or more of the following respects:

    **a.** driver inattention;

    **b.** failing to control his vehicle in a safe manner;

    **c.** failing to keep a proper lookout as a person using ordinary care would have kept under the same or similar circumstances;

    **d.** changing lanes when it was unsafe to do so; and

    **e.** driving negligently.

10. Plaintiff would show each of the above acts and omissions, whether singularly or in combination with others, constituted negligence, and such negligence was a proximate cause of the

occurrence in question and Plaintiff's resulting injuries.

## E.
## DAMAGES

11. Plaintiff alleges that as a direct and proximate result of the acts and/or omissions on the part of Defendant, Plaintiff sustained severe and permanent bodily injuries and is entitled to recover the following legal damages:

   a. Past and necessary medical expenses;

   b. Future necessary reasonable medical expenses, which, in all probability, will be incurred;

   c. Physical pain, suffering and mental anguish in the past;

   d. Physical pain, suffering and mental anguish, which, in reasonable probability, will be suffered in the future;

   e. Physical impairment in the past;

   f. Physical impairment, which, in all reasonable probability, will be suffered in the future;

   g. Lost wages and loss of earning capacity in the past; and

   h. Loss of earning capacity which in reasonable probability Plaintiff will suffer in the future.

12. Plaintiff would demonstrate that the foregoing damages were the proximate result of the wrongdoing of the Defendant, and/or in an amount in excess of the minimum jurisdiction of this Court.

13. Plaintiff seeks pre-judgment interest and post-judgment interest as allowed by law.

## P R A Y E R

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to

appear and answer herein, that this case be set for a bench trial, and that Plaintiff have judgment against Defendant for her actual damages in such amount as the evidence may show and the judge may determine proper, together with pre-judgment interest and post-judgment interest, cost of suit, and such other and further relief to which Plaintiff may show herself justly entitled.

        Respectfully submitted:

        THE BATES LAW FIRM
        630 Broadway Street
        San Antonio, Texas 78215
        (210) 226-3777 Telephone
        (210) 226-3786 Facsimile

BY: _____
        HARRY S. BATES
        Texas Bar No. 01903900
        Email: hb@harrybateslaw.com

ATTORNEY FOR PLAINTIFF